IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) CIVIL ACTION NO. 5:19-cv-608<br>) |
| LILLIAM SOTO AND FELIX W. SOTO, | )<br>) |
| Defendants. | )<br>)<br>) |

**COMPLAINT IN THE NATURE OF AN
INTERPLEADER AND FOR DECLARATORY JUDGMENT**

Plaintiff Metropolitan Life Insurance Company ("MetLife") for its Complaint in the Nature of an Interpleader and for Declaratory Judgment ("Complaint") against the Defendants states:

**INTRODUCTION**

This is an action in the nature of an interpleader and for a declaratory judgment to resolve a dispute between two claimants who are asserting conflicting claims to life insurance benefits payable in accordance with the Federal Employees' Group Life Insurance Act, 5 USC §§8701, *et seq.* ("FEGLIA"). The life insurance benefits in question were paid to one of the claimants before it became known that there was a conflicting claim. Accordingly, MetLife is asking the Court to determine the proper beneficiary of the life insurance benefits and, pending the outcome of this declaratory judgment action, that the claimant with the life insurance benefits be ordered to pay the benefits into the registry of the Court.

## PARTIES

1. Plaintiff Metropolitan Life Insurance Company is an insurance company organized and existing under and by virtue of the laws of the State of New York with its principal place of business in New York, New York. It is duly licensed to do business in the State of Texas.

2. Upon information and belief, Defendant Lilliam Soto ("Lilliam") is the widow of Juan J. Soto (the "Decedent"). Lilliam is a citizen of the State of Texas and resides in Cibolo, Texas. Lilliam may be served with the summons and this Complaint at her residence located at 213 Gatewood Falls, Cibolo, Texas 78108.

3. Upon information and belief, Defendant Felix W. Soto ("Felix") is the brother of Decedent, and a citizen of Puerto Rice, an unincorporated territory of the United States. Felix may be served with the summons and this Complaint at his residence located at Bo Tejas, Carr 3 Ramal 908 KM 29, Humacao, Puerto Rico 00791.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331 in that this action arises under federal law, the Federal Employees' Group Life Insurance Act ("FEGLIA"), 5 U.S.C. §§ 8701, *et seq*. This Court also has jurisdiction pursuant to 28 U.S.C. §1335 because this is an action in the nature of an interpleader between two or more adverse claimants of diverse citizenship who are claiming entitlement to life insurance benefits with a value in excess of $500. This action is also in the nature of an interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure.

5. Venue is proper pursuant to 29 U.S.C. § 1132 (e)(2) and 28 U.S.C. § 1391 (b), because a defendant resides in this district and a substantial part of the events giving rise to this action occurred in this district.

## **RELEVANT FACTS**

A.   **FEDERAL EMPLOYEES' GROUP LIFE INSURANCE ACT**

6.   Congress enacted FEGLIA in 1954 to provide group life insurance to employees and retirees of the agencies of the United States. Under the authority Congress granted to the United States Office of Personnel Management ("OPM"), OPM entered into a contract, the Federal Employees' Group Life Insurance Contract ("FEGLI Contract"), with MetLife to administer claims.

7.   MetLife, through its administrative unit the Office of Federal Employees' Group Life Insurance ("OFEGLI"), administers claims made under the Federal Employees' Group Life Insurance Program ("FEGLI Program") in accordance with FEGLIA, 5 C.F.R. Parts 870-874 and the FEGLI Contract.  Thus, once a claim is made under FEGLIA, OFEGLI is responsible for administering the claim process.

8.   All record keeping for retired employees under the FEGLI Contract is by OPM. OFEGLI becomes involved only following the death of an insured.  At that point, documents from the deceased's personnel file that are relevant to adjudication of claims for his or her life insurance benefits are forwarded to OFEGLI by the record keeper.  OFEGLI then adjudicates the claims.

9.   Federal law governs the payment of life insurance benefits payable under FEGLIA. FEGLIA 5 U.S.C. § 8705, provides in pertinent part that:

> (a)  Except as provided in subsection (e), the amount of group life insurance and group accidental death insurance in force on an employee at the date of his death shall be paid, on the establishment of a valid claim, to the person or persons surviving at the date of his death, in the following order of precedence:
>
> First, to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing received before death in the employing office or, . . . in the Office of Personnel Management. . . .

> Second, if there is no designated beneficiary, to the widow or widower of the employee.

### B. DECEDENT AND HIS COVERAGE UNDER FEGLIA.

10. Decedent was a Civil Service retiree of the United States Air Force and, as a retiree of the Air Force, Decedent had life insurance coverage under the FEGLI Program.

11. Decedent retired from the Air Force effective June 25, 2016, because of poor and declining health. At the time of retirement, Decedent had $70,000 in Basic Life Insurance coverage under the FEGLI Contract. Pursuant to the terms of the FEGLI Contract, FEGLIA and the applicable regulations, Decedent was eligible to apply for Living Benefits in the amount of $70,000. "Living Benefits" is defined in the FEGLI Contract as "Pre-death payment of all or a portion of an eligible Insured Person's Basic Insurance Amount (BIA) pursuant to the Act and Regulations." Decedent applied for the Living Benefits on or about September 6, 2016, and subsequently, Decedent was paid the accelerated Living Benefits amount of $70,000 before he died.

12. On October 25, 2016, Decedent died. At the time of his death, after paying the Living benefits to Decedent, Decedent still had $10,000 in Option "A" -- Standard Life benefits and $340,000 in Option "B" – Additional Life benefits under the FEGLI Contract for a total amount of $350,000 in FEGLI benefits ("FEGLI Benefits"). According to the terms of the FEGLI Contract Plan, the FEGLI Benefits became payable to the proper beneficiary upon Decedent's death.

### C. DEFENDANTS' CONFLICTING CLAIMS TO THE FEGLI BENEFITS.

13. After Decedent's death, MetLife received Decedent's life insurance information from OPM stating that there was no designation of beneficiary form on file for Decedent.

14. Lilliam submitted a Claim for Death Benefits dated November 14, 2016. Based on the certification of no beneficiary designation from OPM and Lilliam's claim for the benefits, pursuant to 5 U.S.C. § 8705, MetLife paid Lilliam, Decedent's widow, $350,172.62 representing the FEGLI Benefits and $172.62 in interest.

15. Subsequently, after MetLife had made the payment to Lilliam, MetLife received an updated certification from OPM stating that there was a beneficiary designation on file. MetLife received from OPM a September 25, 2016 Designation of Beneficiary naming Felix as the sole beneficiary of Decedent's coverage under the FEGLI Program (the "September 25, 2016 Designation"). The Designation has a stamp stating that it was received by OPM on October 3, 2016. MetLife also received from OPM a February 28, 2001 Designation of Beneficiary naming Lilliam as the sole beneficiary.

16. Felix submitted a Claim for Death Benefits to MetLife dated May 10, 2017, as well a letter from an attorney advising that he represented Felix.

17. By a telephone call dated May 16, 2017 and a letter dated May 18, 2017, MetLife advised Lilliam that she was not the proper beneficiary and that an overpayment of $350,172.62 had been made to her, which she needed to repay.

18. On July 17, 2017, MetLife received a letter from an attorney for Lilliam advising that his client was contesting the September 25, 2016 Designation because Decedent was not mentally competent to make a change of beneficiary.

19. As a result of the letter from Lilliam's attorney, on July 18, 2017, MetLife advised Felix's attorney that MetLife had received notification that someone was contesting the validity of the September 25, 2016 Designation. Also, on that date, MetLife sent a letter to Lilliam's attorney

acknowledging that Lilliam was disputing the validity of the September 25, 2016 Designation based on Decedent's mental capacity.

20. Subsequently, Lilliam, through her attorney, submitted a voluminous amount of medical records regarding Decedent's health and tracking his medical condition up to the time of his death. Also, Felix's attorney submitted sworn statements from the witnesses to the September 25, 2016 Designation stating that Decedent was of sound mind when he completed the designation.

21. Lilliam has not repaid to MetLife the $350,172.62 paid to her.

22. The issues in this case hinge on whether Decedent had the mental capacity to make the September 25, 2016 Designation. If Decedent did not have the capacity to make the Designation, Lilliam is entitled to the FEGLI Benefits, which have already been paid to her. If Decedent did have the mental capacity to make the September 25, 2016 Designation, Felix is entitled to the FEGLI Benefits and an overpayment was made to Lilliam.

23. Based on the facts in dispute, MetLife cannot make the determination of who is the proper beneficiary without subjecting itself to multiple liabilities.

## FIRST CAUSE OF ACTION – CLAIM FOR DECLARATORY JUDGMENT

24. MetLife realleges and incorporates by reference the foregoing paragraphs of the Complaint.

25. An actual, justifiable controversy exists as to who is entitled to the FEGLI Benefits and pursuant to 28 U.S.C. § 2201, MetLife seeks a declaratory judgment as to whether Lilliam or Felix is the proper beneficiary and entitled to the FEGLI Benefits.

## ORDER LIFE BENEFITS BE PAID INTO THE REGISTRY OF THE COURT

26. MetLife realleges and incorporates by reference the foregoing paragraphs of the Complaint.

27. MetLife has filed this in the nature of an interpleader action because of the allegations by Lilliam that Decedent did have the mental capacity to make the September 25, 2016 Designation, creating the conflicting claims of Lilliam and Felix to the FEGLI Benefits. Because of these conflicting claims, MetLife cannot determine the proper beneficiary to the FEGLI Benefits.

28. If the Court were to determine that the September 25, 2016 Designation is valid the FEGLI Benefits would be payable to Felix.  If the Court was to determine that the September 25, 2016 Designation was invalid, the FEGLI Benefits would be payable to Lilliam in accordance with the terms of the FEGLIA or the February 28, 2001 Beneficiary Designation.

29. MetLife has no interest in the FEGLI Benefits.  MetLife therefore requests that this Court determine to whom the FEGLI Benefits should be paid.

30. Because the FEGLI Benefits have been prematurely paid to Lilliam and the FEGLI Contract, Section 2.7, requires MetLife to seek to recover any erroneous payment, including interest, MetLife is requesting that the Court enter an order requiring Lilliam to deposit the FEGLI Benefits in question into the registry of the Court until a determination can be made as to whom the rightful beneficiary is.

WHEREFORE, Plaintiff Metropolitan Life Insurance Company requests that the Court:

(i.) Restrain and enjoin the Defendants from instituting any action or proceeding in any state or United States Court against MetLife or OPM for recovery of the FEGLI Benefits, plus any applicable interest, by reason of the death of Decedent;

(ii.) Require that Defendant Lilliam Soto deposit the FEGLI Benefits, including interest, into the registry of the Court until this Court determines to whom the FEGLI Benefits, plus any applicable interest, should be paid;

(iii.) Order Defendants to litigate or settle and adjust between themselves their claim for the FEGLI Benefits, or upon their failure to do so, that this Court

determine to whom the FEGLI Benefits, plus any applicable interest, should be paid; and

(iv.)   Upon the FEGLI Benefits being deposited into the registry of the Court or the Defendants litigating or settling between themselves their claim for the FEGLI Benefits, dismiss MetLife with prejudice from this action, and discharge MetLife and OPM from any further liability upon payment into the registry of this Court, or as otherwise directed by this Court.

Respectfully submitted,

*/s/ Linda G. Moore*
Linda G. Moore
State Bar No. 14359500
Estes Thorne & Carr PLLC
3811 Turtle Creek Blvd., Suite 2000
Dallas, Texas  75219
Telephone:  (214) 599-4000
Telecopier: (214) 599-4099
lmoore@estesthornecarr.com

ATTORNEYS FOR PLAINTIFF
METROPOLITAN LIFE INSURANCE
COMPANY