IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | § § § | |
| *Plaintiff*, | § § | |
| | § | 5-19-CV-00608-FB-RBF |
| vs. | § § | |
| LILLIAM SOTO, FELIX W. SOTO, | § § | |
| *Defendants*. | § § § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns the Amended Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) filed by Defendant Lilliam Soto. *See* Dkt. No. 28. All pretrial matters in this action have been referred for resolution pursuant to Rules CV-72 and 1 of Appendix C to the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No. 18. Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the Motion, Dkt. No. 28, should be **DENIED**.

**Factual and Procedural Background**

Plaintiff Metropolitan Life Insurance Company ("MetLife") initiated this declaratory judgment action on June 5, 2019, seeking to resolve a dispute between two claimants—Lilliam Soto and Felix W. Soto—who each assert entitlement to life-insurance benefits payable under the Federal Employees' Group Life Insurance Act, 5 USC § 8701, *et seq.* ("FEGLIA"). *See* Dkt. No. 23 (MetLife Am. Compl.). Under the FEGLI, decedent Juan Soto Jr.'s benefits—which

1

totaled $350,000—became payable on his death first to his properly designated beneficiary and then, only if there was no designated beneficiary, to his wife Lilliam Soto. *Id.* ¶¶ 11-17 (citing 5 U.S.C. § 8705).

Shortly after decedent's October 25, 2016, death, the United States Office of Personnel Management (OPM) notified MetLife and, according to MetLife's live Complaint, informed MetLife that the decedent didn't have a designated beneficiary form on file. *See id.* ¶ 18. Based on this representation, on November 14, 2016, MetLife paid the benefits plus interest to the decedent's widow Lilliam. *See id.* ¶ 19. Subsequently, on or about January 13, 2017, OPM informed MetLife that decedent's brother Felix Soto was the sole designated beneficiary pursuant to September 25, 2016, Designation of Beneficiary executed by the decedent. *See id.* ¶ 20; Ex. B. At the same time, OPM also provided MetLife a February 28, 2001, designation naming Lilliam as the sole beneficiary. *See id.* ¶ 20.

On May 10, 2017, Felix submitted a claim for death benefits to MetLife. *See id.* ¶ 21. MetLife thereafter advised Lilliam that she wasn't the proper beneficiary and that she would need to repay the benefits that had previously been disbursed to her. *See id.* ¶ 22. Lilliam, however, contests the 2016 designation, claiming that her husband wasn't mentally competent at the time he executed it. *See id.* ¶ 23.

In light of Lilliam's and Felix's conflicting claims, MetLife seeks a declaratory judgment regarding the proper beneficiary of the benefits. In addition, if Felix is the beneficiary, then MetLife seeks to hold Lilliam liable for the $350,172.62 disbursed to her. Accordingly, MetLife raises contingent claims against Lilliam for money had and received, unjust enrichment, and conversion. *See id.* Finally, to ensure Lilliam doesn't deplete the benefits, MetLife seeks a Court order requiring Lilliam to deposit the funds into the Court registry during the pendency of these proceedings. *See id.*

Lilliam now moves to dismiss, arguing there is presently no case or controversy concerning the benefits. *See* Dkt. No. 28. According to Lilliam, she and Felix entered into a binding mediated settlement agreement on November 18, 2019, while this declaratory action was pending. *See id.*; *see also* Dkt. No. 40 (settlement agreement).[1] Thus, Lilliam contends that both she and Felix have settled any alleged conflict between and among them regarding distribution of the benefits. *See* Dkt. No. 28. Lilliam also argues that this action is barred by the applicable statute of limitations. *See id.*

On June 4, 2020, Felix filed a counterclaim against MetLife, without leave, based on MetLife's alleged negligence in handling his claim. *See* Dkt. No. 37;[2] *cf.* Fed. R. Civ. P. 15(a)(2). Felix claims entitlement to recover from MetLife the full amount of benefits owed to him as the proper beneficiary, plus interest and damages in the amount of $50,000, due to MetLife's alleged wrongful disbursement to Lilliam and lack of due diligence in handling his claim. *See* Dkt. No. 37. According to Felix, MetLife owes him these benefits regardless of whether MetLife can ultimately recover them from Lilliam. *See id.*

## Analysis

Lilliam's motion should be denied. Defendants' private settlement doesn't change that Felix seeks a recovery from MetLife and any recovery ordered against MetLife would, in MetLife's view, be owed in full or part by Lilliam. MetLife, moreover, seeks a declaration of

---

[1] Although the settlement agreement contains a confidentiality provision and the Court granted Lilliam leave to file it under seal (provided she comply with the relevant with the relevant Federal and Local Rules), *see* Dkt. No. 39, Lilliam filed the agreement on the public docket.

[2] Embedded in his Answer and Counterclaim, Felix also includes a request to transfer the case to the District Court of Puerto Rico, in accordance with 28 U.S.C. § 1391(b)(2), *see id.* at 24. Felix never properly raised this request in a motion, and he likewise never briefed the issue (his original motion to dismiss and alternative motion to change venue was mooted by the filing of MetLife's amended complaint, and Felix chose not to timely re-raise the issue by motion). Accordingly, the Court declines to consider this issue unless and until it is properly briefed.

rights that involves both Lilliam and Felix.  It is for these reasons MetLife has requested an order directing Lilliam to place the disputed funds in the Court's registry. There is, therefore, a justiciable case or controversy between MetLife and Lilliam, notwithstanding Lilliam's arguments to the contrary. Moreover, the statute of limitations wouldn't bar MetLife's claims to claw back the disbursed funds from Lilliam because those claw-back claims have yet to accrue. If money is owed to Felix by MetLife under the policy, in other words, MetLife urges that Lilliam is liable for some or all of it.

*Lilliam and Felix's Settlement Doesn't Render This Case Nonjusticiable*. The Declaratory Judgment Act provides "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "Basically, the question in each [declaratory judgment act] case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Md. Cas. Co. v. Pac. Coal & Oil Co*., 312 U.S. 270, 273 (1941).

According to MetLife's live Complaint, Lilliam and Felix have presented conflicting claims to decedent's FEGLI benefits—benefits MetLife is contractually and statutorily obligated to disburse to the proper beneficiary.  MetLife seeks a declaration setting forth the proper beneficiary, even as it is accused by Felix of having erred in disbursing the benefits. Section 2.7 of the FEGLI Contract also apparently requires MetLife to seek recovery of any erroneous payment, including interest. *See* Amend. Compl. ¶ 47. And at the same time, MetLife pleads for an Order directing Lillian to place the funds previously disbursed to her into the registry of the

4

Court during the pendency of this litigation.[3] MetLife, in other words, seeks a declaration of Lilliam's rights and is poised to seek an Order from the Court directing Lilliam to take further action with respect to the disputed funds, even as it stands ready to pursue a contingent claim against Lilliam should it be determined she isn't the proper beneficiary. Those facts reflect a live controversy involving Lilliam and MetLife.

Lilliam and Felix's private settlement doesn't change that Lilliam and MetLife have a live dispute. Felix has filed a counterclaim against MetLife to recover the full amount of decedent's insurance benefits. *See* Dkt. No. 37. In the event Felix is determined the proper beneficiary, MetLife would then seek to recover those benefits from Lilliam. MetLife, meanwhile, has asked the Court to declare the proper beneficiary; it is either Lilliam or Felix. And there is still the question of whether the Court should direct Lilliam to place the funds (plus interest) in the Court's registry, as requested in MetLife's live Complaint.

If Felix had also settled or abandoned his counterclaim against MetLife, it would be difficult to see more than a hypothetical dispute here. A justiciable controversy "must be such that it can presently be litigated and decided and not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop." *Brown & Root, Inc. v. Big Rock Corp*., 383 F.2d 662, 665 (5th Cir. 1967). MetLife's claw-back claim against Lilliam is conditional to be sure. But so long as Felix pursues a claim against MetLife for the benefits MetLife disbursed to Lilliam, MetLife's claim for a declaration of rights has real consequences

---

[3] To date, MetLife has provided the Court with no authority—apart from a reference to the Court's "inherent power," Am. Compl. ¶ 45—for directing Lilliam to place any funds into the Court's registry against her will and *before* there is an adjudication of rights concerning those funds. The Court, however, is of course aware of situations in which funds still in the possession of a party like MetLife can be placed in the Court's registry pending resolution of competing claims. Nevertheless, there can be no dispute that the live Complaint, on its face, reflects MetLife's desire to obtain this relief at some point. *See id.* Accordingly, there are open questions and issues that counsel against granting the motion to dismiss and reflect that Lilliam has not carried her burden with respect to the relief she seeks in her motion.

for Lilliam. Although she's settled her dispute with Felix, his claims against MetLife require that the Court decide the proper beneficiary. MetLife meanwhile maintains it could claw back the disputed funds from Lilliam if the Court determined they were incorrectly disbursed to her. MetLife also contends that the funds should be held in the Court's registry in the meantime. There is therefore a justiciable controversy between MetLife and Lilliam such that dismissal of Lilliam is unwarranted.

Lilliam's dismissal also would be inefficient in these circumstances because if Felix is the proper beneficiary, MetLife would then seek to bring Lilliam back into the dispute (or file a new action against her). Indeed, under these circumstances Lilliam is likely a necessary party. *See* Fed. R. Civ. P. 19(a)(1)(B). Given that Lilliam is before the Court now and maintains her entitlement to keep the funds disbursed to her, she belongs in this action.

It bears mention that at the October 6 hearing, Felix appeared to somewhat walk back on his position that he is seeking to recover the full insurance proceeds from MetLife (as opposed to whatever is left from the total unpaid benefits). But this is not sufficiently clear from Felix's filings to warrant dismissal of Lilliam. And, according to MetLife, all benefits due and owing under decedent's FEGLI contract were disbursed to Lilliam. There are disputed issues here that aren't settled as a matter of law; dismissal of Lilliam for lack of subject matter jurisdiction isn't warranted at this time. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) ("Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief.").

*Statute of Limitations*. The statute of limitations also doesn't bar MetLife's claims against Lilliam. MetLife's claims against Lilliam for money had and received, unjust enrichment, and conversion are contingent on a determination that someone else (*i.e.*, Felix) is the rightful

beneficiary of the decedent's FEGLI benefits. Only if the Court determines that Felix is the proper beneficiary would MetLife's claims against Lilliam to recover the insurance proceeds accrue. Accordingly, the clock on these claims has yet to begin running. *See* Tex. Civ. Prac. & Rem. Code § 16.003 (providing that a person must bring suit for conversion "not later than two years after the day the cause of action accrues.").

### Conclusion and Recommendation

For the reasons discussed above, it is recommended that the Defendant Lilliam Soto's Amended Motion to Dismiss, Dkt. No. 28, should be **DENIED**.

Pursuant to the Scheduling Order, *see* Dkt. No. 34, all pretrial deadlines in this case have expired. Accordingly, the parties should be ready to proceed to trial. At the October 6 hearing, however, Felix explained that he is not yet ready for trial and still needs to obtain an expert. But the deadline to designate experts has long expired. *See* Dkt. No. 34. Accordingly, the Court orally ordered the parties at the October 6 hearing to confer and file—on or before October 27, 2020—a joint advisory regarding how they believe this case should proceed going forward. To date, however, the parties haven't complied with the Court's directive.

**IT IS THEREFORE ORDERED THAT** the parties shall meaningfully confer and file the aforementioned joint advisory within **seven (7) days** of this Order or show cause why they each should not be sanctioned for failure to comply with a Court order. *See* Fed. R. Civ. P. 16(f).

To the extent Felix, or any other party, desires to re-open deadlines, they should meaningfully confer and file a motion to amend the scheduling order with supporting authority. *See* Fed. R. Civ. P. 16(b)(4).

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as

a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

SIGNED this 4th day of November, 2020.

RICHARD B.  FARRER
UNITED STATES MAGISTRATE JUDGE